## METZEL v. COLUMBIA LIFE INS. CO.
### No. 3919.

District Court, E. D. Kentucky.
Aug. 31, 1931.

John Wm. Heuver, of Newport, Ky., for plaintiff.

Rouse & Price, of Covington, Ky., and Waite, Schindel & Bayless, of Cincinnati, Ohio, for defendant.

ANDREW M. J. COCHRAN, District Judge.

This action is before me on defendant's motion to require plaintiff to make his petition more specific, definite, and certain in three particulars. Note will first be taken of the third or last particular. The action is on two life insurance policies for $5,000 each. Each policy has attached thereto a double indemnity agreement. Neither policy is filed with the petition, though it is alleged as to each that it is so filed. According to the allegations of the petition, the double indemnity agreement in each policy provides that the additional sum of $5,000 shall be due and payable only under the following conditions set out therein, to wit:

"1. That at the death of the insured said policy shall be in force for its face amount and that there is then no default in payment of any premium hereunder or under said policy and that no payment under the Total & Permanent Disability provision, if any, in said policy has been made; and that said policy and this agreement are then surrendered properly released.

"2. That with the proofs of death of the Insured required under said policy the Company shall receive due proof that the death of the Insured resulted directly and independently of all other causes from bodily injury effected solely through external violent and accidental cause and that such death occurred within ninety (90) days after sustaining such injury.

"3. That this Double Indemnity Benefit will not apply if the Insured's death result from self destruction; whether sane or insane; from any violation of law by the Insured, from Military or Naval service in time of war; from a state of war or insurrection; from engaging in submarine or aeronautic operations. The Company shall have the right and opportunity to examine the body and to make an autopsy unless prohibited by law."

The particular in which defendant moves that plaintiff be required to make his petition more specific, definite, and certain is: "By stating whether the death of the decedent resulted from any violation of law by the Insured."

He had negatived in his petition that the death of the decedent resulted from self-destruction; from military or naval service in time of war; from a state of war or insurrection, or from engaging in submarine or aeronautic operations. But for some reason he had not negatived that such death had resulted from a violation of law by the decedent. Upon the filing of defendant's motion he filed an amended petition withdrawing such negative allegations. The question, therefore, which the petition as amended presents is whether, in the absence of such negative allegations, it states a good cause of action for the additional sums of $5,000 under the double indemnity agreement. The way to raise this question is not by a motion to make more specific, definite, and certain, but by a demurrer to so much of each of the two paragraphs of the petition as seeks to recover such sums or to strike same therefrom. Such was the case as the petition originally stood before the filing of the amended petition. The question as to whether it was necessary for plaintiff to negative that decedent's death resulted from a violation of law on his part should have been raised by such demurrer or motion to strike, and not by the motion to make more specific, definite, and certain.

No such demurrer or motion to strike has been filed, but I will act on the idea that it has. The question thereby raised is disposed of by the terms of the double indemnity agreement. According to it the additional sum provided for "shall be due and payable under" the three conditions set forth therein. It is conceded that in order to a recovery the first two conditions have to be complied with. Then why not the third? The fact that it is negative in form is no reason why it should not. The agreements expressly provide that the additional sums shall be due and payable only in case the insured's death did not result from either one of the five causes set forth in the third condition. In order to a recovery, therefore, it is essential that plaintiff allege and prove that decedent's death did not so result. On the filing of such a demurrer or motion to strike an order will be entered sustaining it, with leave to amend. This renders unnecessary passing on the other two particulars in which it is sought to have the petition made more specific, definite, and certain. Until plaintiff has a good petition as to such additional sums, such a motion is not in order.